IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-21021
Summary Calendar
_____

LAMBERT O. ADUMEKWE,

Plaintiff-Appellant,

versus

MERCHANT'S HOME DELIVERY SERVICE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas
(H-97-CV-3277)
_____

July 29, 1998

Before DeMOSS, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Although not entirely clear, the appellant, Lambert O. Adumekwe, appears to appeal from the district court's dismissal of his complaint of employment discrimination on res judicata grounds and the district court's imposition of sanctions against him under Fed. R. Civ. P. 11 for violating the court's order prohibiting him from filing additional papers related to his previously settled employment-discrimination claims.[1]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Appellant's motion to waive the requirement to file record excerpts is hereby GRANTED.

Even though we apply a less stringent standard to parties proceeding pro se than to those represented by counsel, and we liberally construe briefs of pro se litigants, such parties are not entirely relieved of the obligations to brief the issues and otherwise reasonably comply with the requirements of Fed. R. App. P. 28. See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). Rule 28(a)(6) requires that the appellant's argument set forth the reasons for the requested relief, with citation to the legal authorities and the portions of the record on which he relies. See United States v. Yohey, 985 F.2d 222, 225 (5th Cir. 1995). Failure to comply with the court's rules regarding the contents of briefs can be grounds for dismissing a party's claims. See 5th Cir. R. 43.3.2.

Adumekwe's brief does not identify any error in the district court's decisions, either expressly or inferentially. In fact, he has completely failed to point to any portion of the record or to any legal authority that would suggest that the district erred in dismissing his complaint and imposing sanctions. Instead, he merely asks this court to "look into the whole judgment in this case." Because such a request fails to comply with the rules set forth above, Adumekwe's appeal can be summarily dismissed pursuant to Rule 43.3.2.

Nonetheless, we have examined the district court's orders and find no legal error in its decision to grant Merchant's motion to dismiss on the basis of res judicata. Likewise, we find no abuse

of discretion in its decision to sanction Adumekwe under Rule 11. See Uithoven v. U.S. Army Corps of Engineers, 884 F.2d 844 (5th Cir. 1989). Accordingly, the judgment of the district court is AFFIRMED.

As a final matter, because we find this appeal frivolous, and noting Adumekwe's pattern of filing frivolous papers in the district court, we hereby ADVISE Adumekwe that any further frivolous filings in this court will result in the imposition of sanctions.